

IN THE DISTRICT COURT OF CLEVELAND COUNTY
STATE OF OKLAHOMA

**MICHAEL HOCKENBURY,** an individual, on behalf of himself and others similarly situated,

Plaintiff,

*versus*

**THE HANOVER INSURANCE COMPANY,**

Defendant.

Case No. CJ-2015-207 TS

STATE OF OKLAHOMA } S.S.
CLEVELAND COUNTY }
FILED
FEB 20 2015
In The Office of the
Court Clerk RHONDA HALL

**PETITION**

**COMES NOW** the Plaintiff, Michael Hockenbury (hereinafter "Plaintiff"), individually and on behalf of himself and others similarly situated, and for his causes of action against Defendant, THE HANOVER INSURANCE COMPANY (hereinafter "HANOVER"), hereby states and alleges as follows:

**STATEMENT OF FACTS**

1. Plaintiff is a resident of Norman, Cleveland County, Oklahoma. Plaintiff's insured dwelling is located at 1027 Lincoln Green, Norman OK 73072.

2. Defendant, HANOVER is an insurance company incorporated under the laws of the State of New Hampshire, with its principal place of business in Massachusetts. HANOVER is licensed to engage in the business of insurance in the State of Oklahoma and is actively engaging in said business.

3. Plaintiff entered into a contract for insurance with Defendant, HANOVER to provide coverage for his property and its contents. Plaintiff's insured property is located in Cleveland County, Oklahoma.

4. Defendant, HANOVER issued an insurance Policy, Policy No. HNT 6779754, to the


Plaintiff.

5. Defendant, HANOVER represented to the Plaintiff, directly and indirectly through its agent(s), that it would conduct itself in accordance with Oklahoma law and would fully and faithfully investigate and pay claims. Plaintiff relied on said representations.

6. On or about July, 11, 2011, the property insured by Plaintiff under the subject Policy was severely damaged as a direct result of a water loss.

7. Plaintiff timely and properly submitted a claim(s) to Defendant, HANOVER for the property damage incurred due to the water loss.

8. Defendant, HANOVER confirmed that the cause of Plaintiff's property damage claim was due to the water loss and that the loss was covered under the terms and conditions of the Policy with Defendant, HANOVER. Defendant, HANOVER assigned a claim number(s) of 14-00647299.

**STATUTORY AUTHORITY**

9. This suit is being brought, in part, under the standards set forth in the Oklahoma Unfair Settlement Practices Act, Okla. Stat. Ann. §36-1250.5; and the Oklahoma Insurance Code, 36 O.S. §101 *et seq.*

**FIRST CAUSE OF ACTION**
**BREACH OF CONTRACT**

10. Plaintiff adopts and incorporates by reference paragraphs 1 through 9 above as if fully plead herein, and for further claims against the Defendant, HANOVER alleges as follows:

11. Plaintiff entered into a contract for insurance with Defendant, HANOVER to provide coverage for the dwelling and personal property.

12. At all times material hereto, the Policy of insurance, Policy No. HNT 6779754, was in

full force and effect.

13. Plaintiff provided timely and proper notice of his claims of property damage resultant from the July, 11, 2011 water loss.

14. Plaintiff has complied with the terms and conditions and all conditions precedent under the policy of insurance.

15. This notwithstanding, the Defendant, HANOVER has breached its contractual obligations under the terms and conditions of the insurance contract with Plaintiff by failing to pay Plaintiff all benefits owed.

16. As a result of the Defendant, HANOVER's breach of contract the Plaintiff has sustained financial losses and has been damaged in an amount in excess of Ten Thousand Dollars ($10,000.00), exclusive of attorneys' fees, costs, and all interest allowed by law.

17. The conduct of Defendant, HANOVER was intentional, willful, malicious, and in reckless disregard to the rights of Plaintiff, and said conduct is sufficiently egregious in nature to warrant the imposition of punitive damages.

**SECOND CAUSE OF ACTION**
**BAD FAITH**

18. Plaintiff adopts and incorporates by reference paragraphs 1 through 17 above as if fully plead herein, and for further claims against Defendant, HANOVER alleges as follows:

19. Defendant HANOVER owed a duty to Plaintiff to deal fairly and act in good faith.

20. Defendant, HANOVER breached its duty to deal fairly and act in good faith by engaging in the following acts and/or omissions:

    a. Failing to pay the full and fair amount for the property damage sustained by Plaintiff during the July, 11, 2011 water loss in accordance with the terms and conditions of the insurance policy.

b. Failing to pay all additional coverages due and owing to Plaintiff under the terms and conditions of the insurance policy.

c. Reducing the fair amount of Plaintiff's claims unfairly and without a valid basis.

d. Violating the standards set forth under Unfair Claims Settlement Practices Act, 36 O.S. §§1250.1-1250.16 by wrongfully, intentionally and repeatedly withholding benefits and coverages due and owing to the Plaintiff under the terms and conditions of the insurance policy.

e. Wrongfully, intentionally and repeatedly failing to communicate all coverages and benefits applicable to Plaintiff's claim.

f. Forcing Plaintiff to obtain legal counsel to recover insurance benefits entitled to under the terms and conditions of the insurance contract.

g. Failing to conduct a fair and objective investigation of the damage to Plaintiff's property.

h. Intentionally engaging in an outcome oriented investigation.

i. Intentionally engaging in a systematic scheme designed to save money otherwise due and owing to insureds as a cost-saving mechanism.

j. Intentionally and systematically engaging in and implementing hidden and secretive programs, practices, initiatives, and goals to improperly reduce payment of indemnity dollars on claims, including property claims.

k. Intentionally and systematically engaging in and implementing hidden and secretive programs, practices, initiatives, and goals to improperly reduce payment of indemnity dollars on flooring claims.

l. Intentionally and systematically incentivizing and evaluating employees on the

      basis of meeting or exceeding artificial indemnity dollar payout reduction goals.

   m.   Intentionally and systematically focusing on generating profits for the company through the reduction of indemnity payouts.

   n.   Intentionally placing the interests of the company above those of its insureds.

21. Defendant, HANOVER's conduct was corporate-wide and systemic, directed at all insureds, including Plaintiff.

22. Defendant, HANOVER's obligations to the Plaintiff arise from both express written terms under the insurance policy and under the Oklahoma Insurance Code as well as implied obligations under Oklahoma law.

23. Defendant, HANOVER's failure to implement and/or follow the statutory impositions under the Oklahoma Insurance Code constitute bad faith.

24. Defendant, HANOVER's conduct is a material breach of the terms and conditions of the insurance contract entered into with the Plaintiff and constitutes bad faith.

25. As a direct and proximate result of Defendant, HANOVER's unfair claims handling conduct, Plaintiff's claim was unnecessarily delayed, inadequately investigated, and wronfgully underpaid. Said actions resulted in additional profits and a financial windfall to Defendant HANOVER.

26. As a result of Defendant, HANOVER's conduct the Plaintiff has sustained financial losses and has been damaged in an amount in excess of Ten Thousand Dollars ($10,000.00), exclusive of attorneys' fees, costs, and all interest allowed by law.

27. The conduct of Defendant, HANOVER was intentional, willful, malicious, and in reckless disregard to the rights of Plaintiff, and said conduct is sufficiently egregious in nature to warrant the imposition of punitive damages.

28. Plaintiff further alleges Defendant, HANOVER enjoyed increased financial benefits and ill-gotten gains as a direct result of the intentional and wrongful conduct described above, which resulted in further damage to the Plaintiff.

**THIRD CAUSE OF ACTION**
**CLASS ACTION ALLEGATIONS**

29. Plaintiff adopts and incorporates by reference paragraphs 1 through 28 above as if fully plead herein, and for further class claims against Defendant, HANOVER alleges as follows:

30. This matter should proceed as a class action pursuant to 12 O.S. §2023.

31. The proposed class is defined as:

All persons who submitted claims to HANOVER for property damage under homeowners or commercial policies issued in or covering property in the state of Oklahoma at any time after February 1, 2009, excluding HANOVER's officers, directors, and employees, and excluding Plaintiffs' attorneys and staff.

32. Excluded from the Class are officers, directors, and employees of Defendant, HANOVER and Plaintiff's counsel and staff.

33. The proposed class definition is precise, objective, and presently ascertainable and it is administratively feasible for the Court to easily ascertain whether a particular individual is a member.

34. The prerequisites to a class action under 12 O.S. §2023(A) are met.

35. Although the precise number of class members is unknown, in 2013 alone, Defendant, HANOVER and/or its affiliated companies wrote $51.9 million dollars in net premium for commercial and personal lines in the State of Oklahoma. Upon information and belief, a significant number of property damage claims were made under policies in effect during the class period, especially with the significant weather disasters that have

occurred over the last several years. Thus, the members of the Class are so numerous that joinder of all members of the Class is impracticable.

36. There are questions of law or fact common to the class, including, but not limited to:

   a. Whether Defendant, HANOVER's acts and practices constitute a breach of its contractual obligations with respect to its policyholders or those in privy who have made claims for property damage under policies issued by Defendant, HANOVER;

   b. Whether Defendant, HANOVER's acts and practices have breached the implied covenant of good faith and fair dealing with respect to the policies;

   c. Whether Defendant, HANOVER's acts and practices violate its duties and obligations under the Oklahoma Unfair Claims Settlement Practices Act;

   d. Whether Defendant, HANOVER's acts and practices, including its hidden and secretive programs, policies, goals, initiatives, etc., constitute bad faith;

   e. Whether Defendant, HANOVER's acts and practices constitute failure to implement reasonable standards for the prompt investigation of claims;

   f. Whether Defendant, HANOVER's acts and practices constitute failure to state a material fact(s) in connection with the investigation, handling, and payment of claims;

   g. Whether Defendant, HANOVER's acts and practices have deceived or have had a tendency to deceive its policyholders with respect to the investigation, handling, and payment of claims;

   h. Whether Defendant, HANOVER has placed its interests above those of its policyholders;

   i. The content, interpretation, and legal effect of Defendant, HANOVER's standard policy form(s);

j.  The legal and/or factual applicability of affirmative defenses that may be alleged by Defendant, HANOVER;

k.  The appropriate measure of damages for the members of the Class.

37. Plaintiff's claims are typical of the claims of the members of the class Plaintiff seeks to represent. Without limitation, Plaintiff's claims that Defendant, HANOVER's alleged acts and practices are in breach of its contractual obligations and also are in breach of its common law and statutory duties as alleged above are typical of the claims of the members of the class. Further, Plaintiff and all members of the class are similarly affected by Defendant, HANOVER's wrongful conduct in that Defendant, HANOVER engaged in the same conduct or type of conduct on a corporate-wide basis, applicable to all claims.

38. Plaintiff will fairly and adequately protect the interests of the Class. There are no conflicts of interest between Plaintiff and the other members of the class, and Plaintiff is aware of his duties and responsibilities to the class. Plaintiff's attorneys are qualified, experienced, and able to conduct the proposed class action litigation.

39. This matter is maintainable as a class action under 12 O.S. §2023(B)(1) because prosecution of separate actions by individual members of the class would create a risk of: a) inconsistent or varying adjudications (including interpretation of the standard form contract of insurance) with respect to individual members or would establish incompatible standards of conduct for them and/or Defendant, HANOVER; or b) adjudications with respect to individual members which would, as a practical matter, be dispositive of the interests of the other members not parties to the adjudication or substantially impair or impede their ability to protect their interests.

40. This matter also is maintainable as a class action under 12 O.S. §2023(B)(3) because the common questions of law or fact, including those set forth above, predominate over questions affecting only individual members of the class.

41. A class action is superior to other available methods for the fair and efficient adjudication of this controversy.

   a. Common or generalized proof will predominate with respect to the essential elements of the claims at issue, including the proofs regarding Defendant, HANOVER's hidden and secretive systematic programs, policies, initiatives, goals, etc., that affect and control the operations of the claim department and affect those who have claims in a common and predominant way.

   b. No member of the class has a substantial interest in individually controlling the prosecution of a separate action, but, if any such member or members wishes to do so, they may exclude themselves from the class upon receipt of notice;

   c. While there is some litigation over individual claims (counsel is aware of at least two currently pending against Defendant, HANOVER or affiliated companies, and counsel suspects there may have been others during the class period), counsel is not aware of a large number of individual cases or class action cases against Defendant, HANOVER or affiliated companies regarding Oklahoma property damage claims.

   d. It is desirable to concentrate the litigation of these claims in this forum. The determination of the claims of all members of the class in a single forum, and in a single proceeding, would be a fair and efficient means of resolving the issues raised in this litigation as between Defendant, HANOVER and its policyholders within the class, without unnecessary duplication of evidence, effort, and expense; and

e. The difficulties likely to be encountered in the management of a class action in this litigation are reasonably manageable, especially when weighed against the difficulties of affording adequate relief to the members of the class through numerous separate actions.

## PRAYER FOR RELIEF

**WHEREFORE**, premises considered, the Plaintiff prays for certification of the Class as defined above and judgment against Defendant, HANOVER, for:

a. Payment of all contractual benefits for all coverages afforded to Plaintiff under the subject policy of insurance for damage to his dwelling and personal property caused by the July, 11, 2011, catastrophe, together with interest on all amounts due;

b. Payment of all contractual benefits due and owing to members of the class;

c. Disgorgement of the increased financial benefits derived by Defendant as a direct result of Defendant's wrongful or intentional, willful, malicious and/or reckless conduct;

d. Actual and punitive damages each in an amount in excess of Ten Thousand Dollars ($10,000.00) but less than Seventy Five Thousand Dollars ($75,000) on Plaintiff's individual claim;

e. Total damages on the Class Claims less than Five Million Dollars ($5,000,000.00); and

f. Attorneys' fees, costs and interest, including pre-judgment and post-judgment interest.

Respectfully submitted,

J. Drew Houghton, OBA # 18080
**FOSHEE & YAFFE**
P.O. Box 890550
Oklahoma City, OK 73189
T: (405) 232-8080
F: (405) 601-1103
dhoughton@fosheeyaffe.com

– and –

Timothy B. Hummel, OB #16511
**HUMMEL LAW OFFICE**
500 West Main Street, Suite 102
Oklahoma City, OK 73102
T: (405) 319-0300
F: (405) 319-0350
tim@hummellawoffice.com

***ATTORNEYS FOR PLAINTIFF***

**ATTORNEYS' LIEN CLAIMED**
**JURY TRIAL DEMANDED**