# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| MICHAEL HOCKENBURY, an individual, on behalf of himself and others similarly situated, | ) ) ) ) | |
| Plaintiff, | ) ) | |
| vs. | ) ) | Case No. CIV-15-1003-D |
| THE HANOVER INSURANCE COMPANY, | ) ) ) ) | |
| Defendant. | ) | |

## **O R D E R**

After his property was damaged by water, Plaintiff Michael Hockenbury ("Hockenbury") submitted a claim to his insurer, Defendant The Hanover Insurance Company ("Hanover"). Hockenbury contends Hanover, in bad faith and in violation of the insurance policy, failed to conduct a fair and reasonable investigation and intentionally underpaid him for the loss. Hockenbury brings this action on behalf of himself and a putative class of all persons who submitted claims to Hanover for property damage under homeowners or commercial policies issued in or covering property in the State of Oklahoma any time after February 1, 2009.

Hanover timely removed the action to this Court on two grounds: (1) diversity jurisdiction over Hockenbury's individual claim and (2) jurisdiction under the Class Action Fairness Act of 2005 ("CAFA"). Hockenbury moves to remand his suit to state

court on the basis that neither claim of jurisdiction meets the requisite amount in controversy under either jurisdictional theory [Doc. No. 14]. Hanover has filed its Response in Opposition [Doc. No. 21]. The matter is fully briefed and at issue.

## STANDARD OF DECISION

The present action is removable only if Hockenbury could have originally brought it in federal court. 28 U.S.C. § 1441(a). Removal statutes are narrowly construed and Hanover, as the proponent of removal, "bears the burden to establish that its removal of plaintiff's case to federal court was proper." *Hernandez v. Liberty Ins. Corp.*, 73 F.Supp.3d 1332, 1336 (W.D. Okla. 2014) (citing *Huffman v. Saul Holdings Ltd. P'ship*, 194 F.3d 1072, 1079 (10th Cir. 1999)). This burden applies to actions brought under CAFA as well. *See Frederick v. Hartford Underwriters Ins. Co.*, 683 F.3d 1242, 1246 (10th Cir. 2012) ("a defendant seeking to remove under CAFA must show that the amount in controversy exceeds $5,000,000 by a preponderance of the evidence.").

The Supreme Court recently held the general "notice pleading" standard under Rule 8(a) of the Federal Rules of Civil Procedure governs a defendant's notice of removal. *Dart Cherokee Basin Operating Co., LLC v. Owens*, ___ U.S. ___, 135 S.Ct. 547, 553, 190 L.Ed.2d 495 (2014). Under *Dart*, "a defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the

jurisdictional threshold. Evidence establishing the amount is required by §1446(c)(2)(B) only when the plaintiff contests, or the court questions, the defendant's allegations." *Dart*, 135 S.Ct. 547 at 554. In considering the amount in controversy, courts may use their "judicial experience and common sense" to determine whether the amount in controversy is satisfied. *Roe v. Michelin North America, Inc.*, 613 F.3d 1058, 1062 (11th Cir. 2010). The amount in controversy is normally decided at the time of removal, by either the good faith allegations of the petition, or, where they are not determinative, by the allegations in the notice of removal. *Lonnquist v. J.C. Penney Co.*, 421 F.2d 597, 599 (10th Cir. 1970).

In proving the amount in controversy, "the defendant must affirmatively establish jurisdiction by proving jurisdictional *facts* that made it *possible* that $75,000 was in play." *McPhail v. Deere & Co.*, 529 F.3d 947, 955 (10th Cir. 2008) (emphasis in original). Conclusory allegations and statements will not suffice. *Coco–Cola Bottling of Emporia, Inc. v. South Beach Beverage Co., Inc.*, 198 F. Supp. 2d 1280, 1283 (D. Kan. 2002) (proponent "must do more than make conclusory allegations and assertions; it must set forth the underlying facts supporting its assertions concerning the amount in controversy.").

A defendant's proof may be presented by estimating potential damages from the allegations of the plaintiff's pleading. *McPhail*, 529 F.3d at 955–56. Other

3

documentation may also provide the basis for determining the amount in controversy, such as affidavits or other evidence submitted in the federal action afterward. *Id.* at 956. "But once those underlying facts are proven, a defendant (like a plaintiff) is entitled to stay in federal court unless it is 'legally certain' that less than $75,000 is at stake. If the amount is uncertain then there is potential controversy, which is to say that at least $75,000 is in controversy in the case." *McPhail*, 529 F.3d at 954. "Given the limited scope of federal jurisdiction, there is a presumption against removal, and courts must deny such jurisdiction if not affirmatively apparent on the record." *Okla. Farm Bureau Mut. Ins. Co. v. JSSJ Corp.*, 149 F. App'x 775, 778 (10th Cir. 2005) (unpublished).

## DISCUSSION

Hockenbury brings this action, in part, under the Oklahoma Unfair Settlement Practices Act and the Oklahoma Insurance Code, codified at 36 OKLA. STAT. § 1250.1 *et seq.* and 36 OKLA. STAT. § 101 *et seq.*, respectively. As noted above, in presenting his claims for relief, he alleges that, after he timely and properly submitted his claim for water damage, Hanover breached the policy by failing to pay all benefits owed. Petition, ¶ 15 [Doc. No. 1-2]. Hockenbury also alleges Hanover breached the duty of good faith and fair dealing by, *inter alia*, failing to conduct a fair and objective investigation and intentionally engaging in "secretive programs, practices, initiatives,

and goals to improperly reduce payment of indemnity dollars on claims[.]" *Id.* ¶ 20. Hockenbury contends this matter should proceed as a class action on behalf of "[a]ll persons who submitted claims to [Hanover] for property damage under homeowners or commercial policies issued in or covering property in the state of Oklahoma at any time after February 1, 2009[.]" Petition, ¶ 31.

Hockenbury alleges Hanover's breach of the policy caused him to sustain financial losses in excess of $10,000 and Hanover's alleged intentional, willful and malicious conduct entitles him to an award of punitive damages. *Id.* ¶¶ 16-17. Likewise, Hockenbury states Hanover's breach of its duty to deal fairly and in good faith caused financial damages in excess of $10,000, and Hanover's alleged intentional, willful and malicious conduct entitles him to punitive damages. *Id.* ¶¶ 26-27. Hockenbury's prayer for relief states:

> Plaintiff prays for certification of the Class as defined above and judgment against Defendant ... for:
>
> a. Payment of all contractual benefits for all coverages afforded to Plaintiff under the subject policy of insurance for damage to his dwelling and personal property ... together with interest on all amounts due;
>
> b. Payment of all contractual benefits due and owing to members of the class;
>
> c. Disgorgement of the increased financial benefits derived by Defendant as a direct result of Defendant's wrongful or

5

|   |   |   |
|---|---|---|
|   |   | intentional, willful, malicious and/or reckless conduct; |
|   | d. | Actual and punitive damages each in an amount in excess of Ten Thousand ($10,000) *but less than* Seventy Five Thousand Dollars ($75,000) on Plaintiff's individual claim; |
|   | e. | Total damages on the Class Claims *less than* Five Million Dollars ($5,000,000.00); and |
|   | f. | Attorneys' fees, costs and interest, including pre-judgment and post-judgment interest. |

Petition at 10 (emphasis added).

Based on the foregoing, Hanover alleges a plain reading of the Petition shows Hockenbury seeks compensatory damages *up to* $74,999. Hanover argues this fact, coupled with the availability of punitive damages and attorney's fees, establishes Hockenbury's requested damages exceed the amount in controversy. Def. Resp. to Motion to Remand at 3-7 [Doc. No. 21]. Hanover also contends jurisdiction under CAFA is met by virtue of (1) extrapolating the amount sought on Hockenbury's claim to the putative class, (2) the large size of claim payments at issue, and/or (3) estimating the amount sought by the Petition with respect to Hanover's "reinspection" program on property claims. *Id*. at 8. Hockenbury contends his stipulation that he does not seek damages excess of $75,000 for himself or $5,000,000 on behalf of the class (Petition at 10) should end the Court's inquiry and result in remand. He further states Hanover has failed to show his damages meet the statutory minimum, either under 28

U.S.C. § 1332 or CAFA, even assuming punitive damages are recovered.

As to Hockenbury's individual claim, the Court finds Hanover has demonstrated by a preponderance of the evidence (namely, by citing relevant portions from the Petition) that the amount in controversy, as alleged, more likely than not exceeds $75,000, or at least such amount is in play. *McPhail*, 529 F.3d at 954-55. In determining the amount in controversy, the Court must consider not only the Petition's allegations, but also Hockenbury's request for, and the availability of, punitive damages and attorney's fees. *See Frederick*, 683 F.3d at 1247 ("The preponderance of the evidence standard must be applied to *all damages* counted toward the total amount in controversy, including punitive damages.") (emphasis added); *Woodmen of World Life Ins. Soc'y v. Manganaro*, 342 F.3d 1213, 1218 (10th Cir. 2003) (a court should consider an award of attorneys' fees in determining amount in controversy).[1]

The Petition alleges Hanover, among other things, failed to conduct a reasonable investigation, intentionally conducted an outcome-oriented investigation, engaged in a scheme designed to save money otherwise due and owing to Hockenbury, implemented hidden and secretive programs, practices and initiatives to

---

[1]Hockenbury does not dispute attorney's fees are available under § 3629(B) of the Oklahoma Insurance Code. *See* 36 OKLA. STAT. § 3629(B).

reduce payments, and evaluated employees on the basis of whether they met or exceeded payout reduction goals. Petition at 4-5. Hockenbury seeks an award of actual and punitive damages over $10,000 but less than $75,000, or, in essence, damages up to $74,999. *Id*. at 10. In addition, Hockenbury seeks payment of *all contractual benefits for all coverages* afforded to him under the policy, plus interest; *disgorgement* of the increased financial benefits derived by Hanover; and *attorneys' fees, costs and interest, including pre-judgment and post-judgment interest. Id*. If Hockenbury is successful on his claims, considering the categories of damages and relief sought, the Court cannot say to a legal certainty that less than $75,000 is at stake. It is clear from these allegations that the amount in controversy is not limited to damages sustained by Hockenbury prior to filing suit, but rather includes damages that seek to remedy Hanover's alleged unjust enrichment and malicious/reckless conduct. Accordingly, Hanover has carried its burden to establish sufficient facts to warrant the district court's exercise of diversity jurisdiction over Hockenbury's individual claims.

Because the Court has decided subject matter jurisdiction exists under 28 U.S.C. § 1332(a), it need not decide whether jurisdiction exists under CAFA. *See, e.g., In re FEMA Trailer Formaldehyde Products Liab. Litig*., No. 07-1873, 2012 WL 1204734, at *1 (E.D. La. Apr. 11, 2012) ("Because the Court finds that diversity jurisdiction exists under 28 U.S.C. § 1332(a), the Court need not address whether

removal was also proper under CAFA"). As Hanover correctly notes, and Hockenbury implicitly stipulates, the Court may exercise supplemental jurisdiction over the class claims. *See Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 549 (2005) (a court may exercise supplemental jurisdiction over class action claims that are less than the required jurisdictional amount, as long as at least one named plaintiff asserts a claim in excess of the $75,000 jurisdictional amount in the same case or controversy).

For the reasons stated, Hockenbury's Motion to Remand [Doc. No. 14] is **DENIED**.

IT IS SO ORDERED this 5th day of January, 2016.

_____
TIMOTHY D. DEGIUSTI
UNITED STATES DISTRICT JUDGE