# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

MICHAEL HOCKENBURY, )
an individual, on behalf of )
himself and others similarly )
situated, )
 )
          Plaintiffs, )
 )
v. ) Case No. CIV-15-1003-D
 )
THE HANOVER INSURANCE )
COMPANY, )
 )
          Defendant. )

## **O R D E R**

Plaintiff Michael Hockenbury ("Hockenbury") brings this action on behalf of himself and a putative class which he defines as "[a]ll persons who submitted claims to [Hanover] for property damage under homeowners or commercial policies issued in or covering property in the state of Oklahoma at any time after February 1, 2009[.]" Defendant, The Hanover Insurance Company ("Hanover") moves to strike all of the purported class claims [Doc. No. 10]. Hockenbury has filed his response in opposition [Doc. No. 15]. The matter is fully briefed and at issue.

## I.    BACKGROUND

Hockenbury was insured under a policy issued by Hanover. He generally contends that Hanover, in bad faith and in violation of the policy terms, failed to

conduct a fair and reasonable investigation and intentionally underpaid him for water damage to his property. Hockenbury alleges Hanover, among other things, intentionally engages in "secretive programs, practices, initiatives, and goals to improperly reduce payment of indemnity dollars on claims[.]" Petition, ¶ 20. For compensation, he seeks (1) payment of all contractual benefits under the policy to himself and the putative class; (2) disgorgement of Hanover's alleged ill-gotten profits; (3) actual and punitive damages; and (4) attorney's fees and costs, with interest. Petition at 10.

Hanover moves to strike Plaintiff's class allegations on the grounds they fail to plead a plausible claim for class relief as required under *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007) and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009).[1]

---

[1]Courts have held the Rule 12(b)(6) pleading standard, as "amended" in *Iqbal* and *Twombly*, does not apply to class allegations, and "[i]t would be error for a court to apply the Rule 12(b)(6) plausibility standard set forth in *Twombly* and *Iqbal* to 'dismiss' class action allegations in a complaint." *Royal Mile Co., Inc. v. UPMC*, 40 F. Supp. 3d 552, 579 (W.D. Pa. 2014) (citations omitted); *see also Anderson Living Trust v. ConocoPhillips Co.*, LLC, 952 F. Supp. 2d 979, 1019 (D.N.M. 2013); *Griffin v. Home Depot USA, Inc.*, No. 11-2366, 2012 WL 38647, at *3 (D. Kan. Jan. 9, 2012). A class action is a *procedural* device, not a claim for relief. *Deposit Guaranty Nat'l Bank v. Roper*, 445 U.S. 326, 331 (1980). Rather, they hold a court should apply Rule 23 to determine whether the case at issue "is one of the 'rare' cases" in which it is plain from the pleadings that plaintiffs cannot show class treatment is appropriate. *Royal Mile*, supra at 579. However, other courts have viewed class allegations under *Iqbal/Twombly*. *See In re Cirillo*, No. 09-10324, 2014 WL 1347362, at *5 (Bankr. S.D. Tex. Apr. 3, 2014) ("Mr. Cirillo's class allegations do
(continued...)

Specifically, Hanover contends it is evident from the face of the Petition that, as a matter of law, Plaintiff's allegations are vague, conclusory, and fail to satisfy the requirements for class certification under Rule 23. *See* Motion to Strike at 1-2 ("Plaintiff fails to allege . . . any factual detail about what Hanover failed to pay for on his claim, how Plaintiff's claim was similar to any other putative class member's claim, what the alleged 'scheme' was, how Plaintiff's claim was affected by the alleged 'scheme,' or how any putative class member's claim was affected by the alleged 'scheme.'"). Hanover also contends Hockenbury's claims cannot satisfy any of Rule 23's alternate bases for certification. Hanover requests the Court enter an order requiring the Complaint be amended to eliminate all class action allegations, or grant judgment on the pleadings with respect to said allegations.[2]

---

[1](...continued)
not satisfy the *Iqbal/Twombly* pleading standard. . . . Although courts should be reluctant to dismiss class allegations before evidentiary development, this does not excuse plaintiffs from satisfying basic pleading requirements."); *Nicholas v. CMRE Fin. Servs., Inc.*, No. 08-4857, 2009 WL 1652275, at *4 (D.N.J. June 11, 2009) ("After *Twombly*, courts in this circuit have found that class allegations must also comply with Rule 8(a) in order to proceed to class discovery.") (citations omitted).

[2]While a motion for judgment on the pleadings pursuant to Fed. R. Civ. P. 12(c) is separate and distinct from a motion to dismiss under Fed. R. Civ. P. 12(b)(6), this is a distinction without a difference, because a motion for judgment on the pleadings is subject to the same standard as a Rule 12(b)(6) motion to dismiss. *Society of Separationists v. Pleasant Grove City*, 416 F.3d 1239, 1240-41 (10th Cir. 2005).

## II. STANDARD OF DECISION

Class actions are "an exception to the usual rule that litigation is conducted by and on behalf of the individual named parties only." *Comcast Corp. v. Behrend*, __ U.S. __, 133 S.Ct. 1426, 1432, 185 L.Ed.2d 515 (2013) (quoting *Califano v. Yamasaki*, 442 U.S. 682, 700–701, 99 S.Ct. 2545, 61 L.Ed.2d 176 (1979)). "To come within the exception, a party seeking to maintain a class action 'must affirmatively demonstrate his compliance' with Rule 23." *Id*. (quoting *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 131 S.Ct. 2541, 2551-2552, 180 L.Ed.2d 374 (2011)). Rule 23 "does not set forth a mere pleading standard." *Id*. "Rather, a party must not only 'be prepared to prove that there are in fact sufficiently numerous parties, common questions of law or fact,' typicality of claims or defenses, and adequacy of representation, as required by Rule 23(a). . . [t]he party must also satisfy through evidentiary proof at least one of the provisions of Rule 23(b)." *Behrend*, 133 S.Ct. at 1432.

"Rule 23 does not preclude a defendant from bringing a 'preemptive' motion to deny [class] certification." *Vinole v. Countrywide Home Loans, Inc.*, 571 F.3d 935, 939 (9th Cir. 2009). "Where the complaint demonstrates that a class action cannot be maintained on the facts alleged, a defendant may move to strike class allegations prior to discovery." *Sanders v. Apple Inc.*, 672 F. Supp. 2d 978, 990 (N.D. Cal. 2009)

4

(citation omitted); *Stubbs v. McDonald's Corp.*, 224 F.R.D. 668, 674 (D. Kan. 2004) ("Federal courts have used motions to strike to test the viability of a class at the earliest pleading stage of the litigation.") (citations omitted); *see also Gen. Tel. Co. of S.W. v. Falcon*, 457 U.S. 147, 160 (1982) ("[s]ometimes the issues are plain enough from the pleadings to determine whether the interests of the absent parties are fairly encompassed within the named plaintiff's claim." ).

To this end, Rule 23 authorizes courts to enter an order to "require that the pleadings be amended to eliminate allegations about representation of absent persons and that the action proceed accordingly." Fed. R. Civ. P. 23(d)(1)(D); *Dollison v. American Nat. Ins. Co.*, No. 13-CV-100-CVE, 2013 WL 1944891, at *9 (N.D. Okla. May 9, 2013) (Rule 23(d)(1)(D) "gives a district court the authority to strike or dismiss class allegations before discovery if it is apparent from the plaintiff's complaint that a class cannot be certified. . . . A court may strike class allegations under [Rule 23(d)] where a complaint fails to plead the minimum facts necessary to establish the existence of a class satisfying Rule 23's mandate.") (citation omitted).

Moreover, pursuant to Rule 23(c), "[a]t an early practicable time after a person sues or is sued as a class representative, the court must determine by order whether to certify the action as a class action." Fed. R. Civ. P. 23(c)(1)(A); *Martinez-Mendoza v. Champion Intern. Corp.*, 340 F.3d 1200, 1216 n. 37 (11th Cir. 2003) (under Rule

23(c)(1), the court has an independent obligation to decide whether an action is properly brought as a class action, even where neither party moves for a ruling on class certification). "The court should not 'blindly rely on conclusory allegations which parrot Rule 23 requirements [and] . . . may consider the legal and factual issues presented by [the] plaintiff's complaints.'" *Stubbs*, 224 F.R.D. at 674 (quoting *J.B. ex rel. Hart v. Valdez*, 186 F.3d 1280, 1290 n. 7 (10th Cir.1999)).

Pursuant to Rule 12(f), the Court may strike from the pleadings "any redundant, immaterial, impertinent or scandalous matter." Motions to strike are strictly construed, however, and any doubt as to the striking of a matter in a pleading should be resolved in favor of the pleading. *Gilbreath v. Phillips Petroleum Co.*, 526 F.Supp. 657, 659 (W.D. Okla. 1980).

Even in light of this discretion, courts in this circuit and elsewhere have nonetheless viewed motions to strike or dismiss class allegations at the pleading stage with particular disfavor. They generally consider such motions an extreme remedy in that they seek to preemptively terminate the class aspects solely on the basis of what is alleged in the complaint, and before the plaintiff has had any meaningful chance to conduct discovery. *See, e.g., Friedman v. Dollar Thrifty Automotive Group, Inc.*, No. 12-cv-2432, 2013 WL 5448078, at *2 (D. Colo. Sept. 27, 2013); *Long v. Graco Children's Products Inc.*, No. 13–cv–01257–JD, 2014 WL 7204652, at *4 (N.D. Cal.

6

Dec. 17, 2014) ("Many courts have recognized that the sufficiency of class allegations are better addressed through a class certification motion, after the parties have had an opportunity to conduct some discovery.") (internal quotation marks and alterations omitted); *Smith v. Washington Post Co.*, 962 F. Supp. 2d 79, 90 (D.D.C. 2013) ("courts rarely grant motions to dismiss or strike class allegations before there is a chance for discovery.") (citation omitted); *Chen-Oster v. Goldman, Sachs & Co.*, 877 F. Supp. 2d 113, 117 (S.D.N.Y. 2012) (same).

Courts in this circuit are likewise split on who bears the burden of proof on a preemptive motion to deny class certification. *Compare Stubbs*, 224 F.R.D. at 674 ("The burden of showing that each element of Rule 23 has been met remains with the party seeking class treatment, even if the opposing party raises the viability issue.") (citing *Lumpkin v. E.I. Du Pont de Nemours & Co.*, 161 F.R.D. 480, 481 (M.D. Ga.1995)),[3] *with Wornicki v. Brokerpriceopinion.com, Inc.*, No. 13-cv-3258, 2015 WL 1403814, at *4 (D. Colo. Mar. 23, 2015) ("[C]ourts in this district have held

---

[3] *See also Royal Mile*, 40 F. Supp. 3d at 578-79 ("[T]he burden remains with the party seeking class certification regardless who moves the court to make the determination. . . . This means that regardless whether the defendant files a motion to strike class allegations pursuant to Federal Rule of Civil Procedure 12(f) based upon insufficient class allegations in a complaint, or a plaintiff files a motion to certify a class pursuant to Rule 23 based upon a more fully developed record, the plaintiff has the burden to prove that the requirements set forth in Rule 23 are met, and the court must accordingly apply Rule 23.") (citations omitted).

motions to strike class allegations to a high standard of proof. . . . to prevail on a motion to strike class allegations, a defendant 'must demonstrate from the face of plaintiffs' complaint that it will be impossible to certify the classes alleged by the plaintiffs regardless of the facts the plaintiffs may be able to prove[.]' . . . [T]he Court will only grant defendants' motion if they are able to show conclusively that plaintiffs will be unable to establish facts that would make class treatment appropriate.") (citations omitted).

To date, "the Tenth Circuit has not articulated a standard for evaluating preemptive motions to deny class certification[.]" *Wornicki*, 2015 WL 1403814, at *4.

### III. DISCUSSION

Although Hockenbury's suit was originally brought in state court, federal law governs the sufficiency of his Petition. *See* Fed. R. Civ. P. 81(c)(1) ("These rules apply to a civil action after it is removed from a state court."). As noted, under Rule 23, Hockenbury must satisfy the prerequisites of Rule 23(a) and (b). It is unnecessary to make a determination as to who bears the requisite burden of proof under Rule 23 at this stage, because under either view, Hanover's motion should be granted, albeit without prejudice to Hockenbury's right to file an amended complaint.

The Court finds the dispositive issue at this juncture is whether Hockenbury's current class definition is adequate or sufficiently defined and whether it is overbroad. In order to be considered for certification, a proposed class must meet certain threshold requirements that a defined or identifiable class exists, *Pueblo of Zuni v. United States*, 423 F.R.D. 436, 443 (D.N.M. 2007), for a class cannot be certified where its definition is so indefinite as to prevent a court from eventually determining whether each putative class action participant is a proper member. *See Agne v. Papa John's Int'l, Inc.*, 286 F.R.D. 559, 566 (W.D. Wash. 2012) ("A class definition should be 'precise, objective and presently ascertainable.' . . . While the identity of each class member need not be known at the time of certification, the class definition must be 'definite enough so that it is administratively feasible for the court to ascertain whether an individual is a member.'" ) (citation omitted). Hockenbury proposes the following class definition:

> All persons who submitted claims to HANOVER for property damage under homeowners or commercial policies issued in or covering property in the state of Oklahoma at any time after February 1, 2009[.]

Petition, ¶ 31 (emphasis in original). This proposed class definition is overbroad and unworkable. The class definition includes all persons who submitted claims to Hanover during the relevant period, even if they benefitted from filing a claim or were not otherwise injured. Although the class could be narrowed, Hockenbury has

9

set forth no objective criteria to separate individuals who may have benefitted from submitting a claim from those who may have been harmed by the actions alleged in the Petition. Rather, Hockenbury's definition presupposes that every claim submitted to Hanover since February 1, 2009 involved bad faith of some sort on Hanover's part. Individual investigations would be necessary, and given the proposed time frame in Hockenbury's definition, such task would be so daunting as to make the class definition insufficient. *Agne*, 286 F.R.D. at 566. The problems with ascertaining class membership, given Hockenbury's overly broad definition, militate against a finding that class treatment is appropriate at this time.

Nonetheless, the Court is not convinced Hockenbury is or will be unable to establish facts that would make class treatment appropriate; therefore, he is granted leave to amend his class allegations. Hanover advances several reasons why Hockenbury's suit should not proceed as a class action. Although its arguments may prove to be well-founded, the Court believes it is not practical to address such arguments at this stage of the litigation, where an ascertainable class has not even been properly defined. Even in light of its discretion to make an early determination as to the propriety of class treatment, it would be premature, at this juncture, to address the substantive merits of Hanover's motion. Accordingly, although Hanover's motion is granted, it is without prejudice to Hockenbury's right to file an amended

complaint.

## IV. CONCLUSION

For the reasons stated, Defendant Hanover Insurance Company's Motion to Strike or for Judgment on the Pleadings With Respect to Plaintiff's Class Action Allegations [Doc. No. 10] is **GRANTED** as set forth herein. Hockenbury shall file an amended complaint within twenty-one (21) days of this Order.

**IT IS SO ORDERED** this 10th day of February, 2016.

TIMOTHY D. DeGIUSTI
UNITED STATES DISTRICT JUDGE